UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JESSIE WAYNE PILLETTE,                )
                                      )
                 Plaintiff,           )      Case No. 1:06-cv-210
                                      )
v.                                    )      Honorable Robert Holmes Bell
                                      )
OAKS CORRECTIONAL FACILITY et al., )
                                      )
                 Defendants.          )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it fails to state a claim and Defendant Oaks Correctional Facility is immune from suit.

**Discussion**

I.    Factual allegations

Plaintiff is currently incarcerated in the Earnest C. Brooks Correctional Facility but complains of events that occurred at the Oaks Correctional Facility.  In his *pro se* complaint, he sues Cindi Curtin, Warden; Rick Sharp, Administrative Assistant; Wendy Brinkly, Assistant Resident Unit Supervisor; Mike Bachus, Corrections Officer; and Oaks Correctional Facility.

Plaintiff argues that Defendants violated his First Amendment and Fourteenth Amendment right to access to the courts.  In May 2005, Plaintiff, proceeding *pro se*, participated in a hearing before the Family Division of the Wayne County Circuit Court, regarding the removal of his son from the custodial parent's home.  The trial court subsequently scheduled another hearing for September 12, 2005 at 9:00 a.m.  On September 9, the trial court faxed an order to Oaks Correctional Facility directing Defendants Curtin and Sharp to permit Plaintiff to attend the September 12 hearing via teleconference.  Defendants Curtin and Sharp allegedly requested that Defendant Brinkly coordinate Plaintiff's attendance at the hearing with the officers in Plaintiff's housing unit.

At approximately 7:00 a.m. on September 12, Plaintiff informed Defendant Bachus of the court order.  Defendant Bachus replied "too bad your not getting your attorney phone call because you didn't give us advanced notice."  Pl.'s Compl. at 4.  When Plaintiff explained that the phone call was actually a court hearing, he replied "too bad I'm just telling you how it is." *Id.*  On December 7, Plaintiff attended another court hearing.  At that time, he learned that the September 12 hearing proceeded in his absence.  Plaintiff therefore requested the assistance of counsel due to the uncertainty of his participation in future hearings while in the custody of Defendants.

- 2 -

For relief, Plaintiff requests a declaratory judgment and nominal and punitive damages.

II.    Immunity

Plaintiff may not maintain a § 1983 action against the Oaks Correctional Facility. Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). Oaks Correctional Facility is an administrative unit of the Michigan Department of Corrections. The State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989)). Furthermore, Plaintiff's claim against Defendant Oaks Correctional Facility is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846, 851 (6th Cir. 1988). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama*, 438 U.S. at 782; *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the Michigan Department of Corrections is absolutely immune from suit

- 3 -

under the Eleventh Amendment.  *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at

*2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1

(6th Cir. April 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18,

1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).

Therefore, the Court dismisses Defendant Oaks Correctional Facility.

III.    Failure to State a Claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific

constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[1]Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001). Plaintiff filed Grievance No. ECF-2005-09-2046-17Z and appealed it to Step III. Plaintiff's Step I grievance, however, is extremely difficult to read.  As a result, the Court cannot determined whether Plaintiff properly exhausted his claims against all of the Defendants.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  Plaintiff also failed to allege that he exhausted his claims against all of the Defendants in his complaint.  Even if Plaintiff failed to properly exhaust, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

- 4 -

In his complaint, Plaintiff argues that Defendants violated his right to access the courts under the First and Fourteenth Amendments. It is well established that prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). The Supreme Court has held that the right is founded in the Due Process Clause of the Fourteenth Amendment, *Wolff v. McDonnell,* 418 U.S. 539, 574 (1974), or the Equal Protection Clause, *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987), or in the First Amendment right to petition for a redress of grievances, *Turner v. Safley,* 482 U.S. 78, 84 (1987) (citation omitted). An indigent prisoner's constitutional right to access the courts is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis*, 518 U.S. at 349; *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

- 5 -

*Lewis*, 518 U.S. at 355.  A prisoner's right to access to the courts extends only to direct appeals, habeas corpus applications, and civil rights actions.  *Thaddeus-X*, 175 F.3d at 391; *see also Glover v. Johnson,* 75 F.3d 264, 269 n.6 (6th Cir. 1996) (holding that Michigan prisoners are not entitled to legal assistance, through an adequate law library or paralegal help, in parental rights matters because such assistance is only required in post-conviction, habeas corpus, and civil rights matters involving the prisoner's custodial situation or constitutional claims personally involving the prisoner).  Plaintiff's claim fails under these authorities.  First, Plaintiff failed to allege that his lack of participation in the September 12 hearing caused an injury to his family court proceeding.  Although the trial court held the hearing without him, Plaintiff only claims that he had to request the assistance of an attorney for future hearings as his "injury."  As a result, Plaintiff failed to show that Defendants prejudiced his effort to pursue a nonfrivolous legal claim.  *See Lewis*, 518 U.S. at 351-53.  Second, Plaintiff's alleged injury occurred in a *family court* proceeding rather than in a  direct appeal, habeas corpus application, or civil rights claim. Thus, Plaintiff fails to state an access to the courts claim under the First and Fourteenth Amendments.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the $455 appellate filing fee in one lump sum.

      This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

      A Judgment consistent with this Opinion will be entered.


Date:      May 12, 2006               /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT  JUDGE